IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. HUNTER, | ) | CASE NO. 1:09 CV 2790 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Anthony L. Hunter, for supplemental security income.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Hunter had severe impairments consisting of degenerative disc disease of the lumbar spine, a generalized anxiety disorder, a major depressive disorder, an antisocial personality, and a substance addiction disorder in remission.[1]  The ALJ made the following finding regarding Hunter's residual functional capacity:

> The claimant retains the residual functional capacity to perform a range of light work.  Specifically, he can sit, stand and/or walk 6 hours each in an 8 hour workday and can lift, carry, push and/or pull 20 pounds occasionally and 10 pounds frequently with normal breaks.  He must use a cane in his right hand (dominant side) whenever on his feet, standing or walking.  He is limited

---

[1] Transcript ("Tr.") at 15.

to simple, routine, low-stress tasks that do not take place in public and where there is no requirement for arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.[2]

Given that residual functional capacity, the ALJ found Hunter incapable of performing his past relevant work as a welder.[3]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Hunter could perform.[4]  The ALJ, therefore, found Hunter not under a disability.[5]

Hunter asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Hunter challenges the ALJ's findings at steps three and five of the sequential evaluation process.[6] Hunter presents three issues for review.

- Did the ALJ properly articulate in support of his finding that Hunter did not meet the listing in § 1.04C for lumbar stenosis?

- Is the ALJ's credibility finding supported by substantial evidence?

- Does substantial evidence support the residual functional capacity finding with respect to mental limitations?

---

[2] *Id.* at 17.

[3] *Id.* at 23.

[4] *Id.*

[5] *Id.* at 24.

[6] ECF # 20 at 12.

For the reasons fully explained below, I recommend the affirmance of the Commissioner's finding of no disability as supported by substantial evidence.

## Analysis

**A.     The standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.  If such is the case, the Commissioner

---

[7] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

survives "a directed verdict" and wins.[8] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[9]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**B.** **Substantial evidence supports the finding that Hunter did not meet or equal the listing in § 1.04C.**

With respect to the first issue at step three, the ALJ found that Hunter did not meet (or equal) the listing in § 1.04 for degenerative disc disease.[10] Section 1.04C relates to lumbar spinal stenosis. Here, the medical evidence with respect to stenosis is minimal. There is a passing reference to mild canal stenosis at L4-5 in the Impressions section of a 2000 MRI report.[11] Although Hunter had a follow-up MRI in 2005,[12] and various x-ray studies along the way,[13] there is no further reference to canal stenosis.

Hunter has the burden of proof at step three. Substantial evidence supports the ALJ's decision that Hunter did not meet the § 1.04C listing.

---

[8] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[10] Tr. at 16.

[11] *Id.* at 505.

[12] *Id.* at 192.

[13] *Id.* at 153, 292.

-4-

Hunter argues, however, that the ALJ did not satisfactorily articulate the reasons in support of this listing finding.  In *Bledsoe v. Barnhart*[14] the Sixth Circuit held that "there is no heightened articulation standard where the ALJ's findings are supported by substantial evidence.[15]  Given the paucity of evidence of lumbar spinal stenosis, the ALJ did not need to provide more articulation.

## C.    Substantial evidence supports the ALJ's credibility finding.

In a reported case, *Cross v. Commissioner of Social Security*, [16] I discussed in great detail the standards that apply to review of credibility of findings of the ALJ.[17]  I incorporate that discussion by reference here.  Specifically, I stated that the ALJ preferably should provide a "unified statement" explaining the credibility finding in terms of the factors set forth in the applicable regulations.

> An ALJ in a unified statement should express whether he or she accepts the claimant's allegations as credible and, if not, explain the finding in terms of the factors set forth in the regulation.  The ALJ need not  analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence.   The articulation should not be conclusory; it should be specific enough to permit the court to trace the path of the ALJ's reasoning.[18]

---

[14] *Bledsoe v. Barnhart*, 165 F. App'x 408 (2006).

[15] *Id.* at 411.

[16] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724 (N.D. Ohio 2005).

[17] *Id.* at 732-33.

[18] *Id.* at 733 (citations omitted).

Here the ALJ gave a conclusory assessment that Hunter was credible "only to the extent of the limitations of his residual functional capacity."[19]  He did not immediately thereafter provide a "unified explanation" of this finding with reference to the factors in the regulations.[20] It is not a "model" articulation.[21]  Nevertheless, as in *Cross*, the ALJ's decision leads me to conclude that reasonable evidence exists sufficient to support the credibility finding.

After reciting the factors set forth in the regulation, 20 C.F.R. § 416.929(c),[22] the ALJ goes on to discuss in detail the objective medical evidence,[23] Hunter's daily activities,[24] his medications,[25] and various physician evaluations performed.[26]  This detailed discussion, which has support in the record as cited, shows consideration of relevant evidence that a reasonable mind might accept as adequate to support the credibility finding.[27]  I must conclude that no compelling reason exists to disturb that finding.[28]

---

[19] Tr. at 18.

[20] *Cross*, 373 F. Supp. 2d at 733.

[21] *Id.*

[22] Tr. at 17-18.

[23] *Id.* at 18-22.

[24] *Id.* at 16, 18.

[25] *Id.* at 18, 19, 20.

[26] *Id.* at 18, 19-20, 20-22.

[27] *Cross*, 373 F. Supp. 2d at 733.

[28] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

Hunter complains that the ALJ did not discuss evidence from "non-medical sources" such as family members, which evidence supports Hunter's credibility.  Social Security Ruling 06-03P[29] gives the ALJ wide discretion in evaluating evidence from non-medical sources who have not seen a claimant in a professional capacity.[30]  The ruling only requires the ALJ to consider such evidence on the record if the non-medical source saw the claimant in a professional capacity.[31]  The ALJ, therefore, did not commit reversible error by not discussing evidence from such non-medical sources in his decision.

**D.    Substantial evidence supports the residual functional capacity finding as to mental limitations.**

The third issue goes to articulation with respect to the various medical source opinions about mental limitations.  The ALJ adopted in the residual functional capacity finding significant mental limitations based upon the evaluation of a state agency reviewing psychologist in 2004.[32]  The state agency reviewing psychologist, in turn, gave considerable weight[33] to a consultative examining evaluation done by psychologists Sally Felker, Ph.D. and Kenneth Felker, Ph.D.[34]

---

[29] SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006).

[30] *Id.*, at *6.

[31] *Id.*

[32] Tr. at 167.

[33] *Id.*

[34] *Id.* at 159-63.

-7-

There was a subsequent evaluation done by a psychiatrist, Dr. Nora McNamara, who appears to have examined Hunter once in June of 2007.[35]  She adopts extreme limitations.[36]  She does not qualify as a treating source based upon the single examination and, therefore, her opinion is not entitled to controlling weight.[37]  Nevertheless, the ALJ goes on to discuss in detail the reasons why he assigned her opinion minimal weight, including an evaluation at Bridgeway, Inc. in the same time frame, which diagnosed Hunter with moderate symptoms.[38]  The ALJ did assign weight to Dr. McNamara's evaluation and gave good reasons for the weight assigned and his decision to give it only minimal weight.

Substantial evidence, therefore, supports the substantial mental limitations incorporated into the residual functional capacity finding.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Hunter had no disability.  Accordingly, I recommend that the decision of the Commissioner denying Hunter supplemental security income be affirmed.

Dated:   September 7, 2011                    s/ William H. Baughman, Jr.
                                             United States Magistrate Judge

-----

[35] *Id.* at 533-35.

[36] *Id.* at 531-32.

[37] *Id.* at 21.

[38] *Id.* at 21-22.

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[39]

---

[39] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).