UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY L. HUNTER, | ) | Case No.: 1:09 CV 2790 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security (the "Commissioner" or "Defendant") denied disability benefits to the claimant, Anthony L. Hunter ("Plaintiff" or "Hunter") in the above-captioned case. Hunter sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge William H. Baughman, Jr. ("Judge Baughman"), for preparation of a Report and Recommendation ("R&R").  Both parties submitted briefs on the merits.  Hunter sought an order reversing the Administrative Law Judge's ("ALJ") decision and finding Plaintiff is entitled to benefits, or in the alternative, remanding the case. The Commissioner sought final judgment upholding the decision below.  Judge Baughman submitted his R&R on September 7, 2011, recommending that the Commissioner's decision be affirmed (ECF No. 34).  For the following reasons, the court declines to adopt Judge Baughman's R&R, and remands the case for further proceedings consistent with this Order.

## I. BACKGROUND

Hunter filed a Social Security Income ("SSI") application on July 9, 2004, claiming that he became unable to work on January 15, 1996, because of anxiety, hepatitis B, depression, and back problems, including degenerative disc disease. (Tr. 62, 101.) His application was denied initially and on reconsideration; and by an ALJ after a hearing at which Plaintiff, who was represented by an attorney, and a vocational expert ("VE"), testified. (Tr. 10, 43, 47, 553).

The ALJ considered the case *de novo* and on August 30, 2007, found, in relevant part, that: (1) Plaintiff had not engaged in substantial activity since April 30, 2006[1]; (2) Plaintiff suffered from severe impairments including degenerative disc disease of the lumbar spine, a generalized anxiety disorder, a major depressive disorder, an antisocial personality, and a substance addiction disorder in remission (Tr. 15); (3) Plaintiff's several impairments did not meet or equal any of the qualifying impairments for SSI purposes (Tr. 16); (4) Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work (Tr. 17); and (5) in light of Plaintiff's age, education, work experience, and RFC, there was a significant number of jobs in the national economy that Plaintiff can perform. (Tr. 23.)

The ALJ's decision became the final decision of the agency when the Appeals Council denied review of that decision. (Tr. 5). On December 1, 2009, Plaintiff commenced a civil action for judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). (Compl., ECF No. 1.) Plaintiff filed his Brief on the Merits on July 16, 2010. (ECF No. 20.) The Commissioner filed his Brief on September 14, 2010. (ECF No. 21.) Plaintiff challenged three

---

[1] Plaintiff amended his alleged onset date to April 30, 2006, because he worked in 2005 and received unemployment benefits in 2006 (Tr. 558, 562).

separate aspects of the ALJ's decision in his case. First, he argued that the ALJ's finding that Hunter's back impairment does not meet or equal an impairment contained in the SSA's Listings of Impairments was not supported by substantial evidence. (Pl.'s Merits Br. 13–16.) Second, with respect to the ALJ's RFC determination, Hunter argued that the ALJ erred in his assessment of Hunter's credibility, and in his failure to consider the statements of Hunter's niece and mother regarding the severity of Hunter's impairments and his ability to function. (*Id.* at 17–18.) Third, Hunter challenged the ALJ's RFC determination with respect to Hunter's mental impairments, arguing that the ALJ erred in evaluating the opinions of various psychologists and psychiatrists by failing to identify the weight assigned to each. (*Id.* at 18–19.)

On September 23, 2010, this court referred Hunter's Complaint to Judge Baughman for the preparation of an R&R. Judge Baughman issued his R&R on September 7, 2011. (ECF No. 34.) Judge Baughman concluded that the ALJ's finding that Hunter's back and spine impairments do not meet or equal one of the impairments in § 1.04C of the SSA's Listing of Impairments was supported by substantial evidence because Hunter's "medical evidence with respect to stenosis is minimal" and further, given the "paucity of evidence of lumbar spinal stenosis, the ALJ did not need to provide more articulation" in his determination. (R&R at 5.) Judge Baughman also concluded that although the ALJ "gave a conclusory assessment that Hunter was credible 'only to the extent of the limitations of his residual functional capacity,'" and did not provide a "'model' articulation," substantial evidence supports the ALJ's credibility finding concerning Hunter's RFC. (*Id.* at 5–6.) Lastly, Judge Baughman concluded that the ALJ did not err in his assessment of conflicting medical opinions concerning Plaintiff's mental limitations. (*Id.* at 7–8.)

Plaintiff filed his Objections to the R&R on October 6, 2011. (Pl.'s Objs., ECF No. 37.) Plaintiff objects to Judge Baughman's determinations concerning the three issues presented in his Complaint. The Commissioner filed his Response on October 26, 2011. (ECF No. 39.)

## II. LEGAL STANDARDS

Judicial review of an ALJ's decision denying SSI benefits is limited to determining whether substantial evidence supports the ALJ's decision and whether the ALJ applied the correct legal standards in reaching her conclusion. *Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). Under 42 U.S.C. § 405(g), the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The Sixth Circuit has defined "substantial evidence" as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Because, here, Plaintiff filed Objections to the R&R, the court undertakes a *de novo* review pursuant to Federal Rule of Civil Procedure 72(b), and must "weigh the evidence for itself and make an independent determination of the dispositive issues." *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985).

In order to be entitled to SSI, Plaintiff must establish the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months, and that the impairment renders him unable to engage in any substantial gainful employment. 42 U.S.C. § 423(d)(1)(A); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). Under the Social Security Act, the Secretary must follow a "five-step sequential process" in evaluating disability claims. *Heston*

*v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001); *see also* 20 C.F.R. §§ 404.1520, 416.920. First, plaintiff must demonstrate that she is not currently engaged in substantial gainful activity at the time that she seeks SSI. *Heston*, 245 F.3d at 534. Second, the ALJ considers the medical severity of the applicant's impairments or combination of impairments. *Id.* Third, if the applicant has a severe impairment, the ALJ determines whether the impairment (or combinations thereof) meets or equals one of the SSA's listed impairments. *Id.* If so, the applicant is presumed to be disabled under the Act. *Id.* Fourth, the ALJ determines whether the applicant's RFC permits the performance of past relevant work. *Id.* Fifth, even if plaintiff's impairment or impairments prevent her from doing past relevant work, plaintiff is not disabled within the meaning of the Act if other jobs exists in the national economy that plaintiff can perform. *Id.*; *see also* 20 C.F.R. §§ 404.1520(a)(4)(I)-(v) (setting forth five-step process), 416.920(a)(4)(I)-(v) (same).

### III. LAW AND ANALYSIS

#### A. The ALJ's Step-Three Finding

At step three of the five-step evaluation process, the ALJ considered whether any of the Plaintiff's severe impairments–degenerative disc disease of the lumbar spine, generalized anxiety disorder, major depressive disorder, antisocial personality, and substance addiction disorder in remission–met or equaled an impairment in the SSA's Listing of Impairments. (Tr. 16.) The ALJ stated, with respect to Plaintiff's degenerative disc disease, only that "Mr. Hunter's degenerative disc disease does not meet or equal listing 1.04. There is no evidence of a compromised nerve root, atrophy, spinal arachnoiditis, or stenosis manifesting symptoms required by the listing." (Tr. 16.) He did not discuss the record evidence concerning Plaintiff's severe impairment–his degenerative disc disease–in relation to the criteria for meeting the Listed Impairment or medical equivalency.

The ALJ also concluded that Plaintiff's mental impairments, "considered singly and in combination, do not meet or medically equal the criteria of listings 12.04, 12.06, or 12.08." (Tr. 16.)  In so holding, the ALJ considered record evidence and evaluated whether the requisite medical criteria were satisfied.  (Tr. 16.)

Judge Baughman concluded that the ALJ's determination concerning Hunter's degenerative disc disease was supported by substantial evidence, and moreover, noted that "the Sixth Circuit [has] held that 'there is no heightened articulation standard where the ALJ's findings are supported by substantial evidence.'"  (R&R at 5 (quoting *Bledsoe v. Barnhart*, 165 Fed. App'x 408, 411 (6th Cir. 2006).)  Further, even though the Listing at issue sets forth various disorders of the spine, 20 C.F.R. Pt. 404, Subpt. P, App 1, Listing 1.04, and the regulations expressly permit an evaluation of equivalency, Judge Baughman noted that in this case "medical evidence with respect to stenosis [one qualifying impairment] is minimal."  (R&R at 4.)

Plaintiff objects to Judge Baughman's application of *Bledsoe*, and argues that the facts of that case "are significantly different."  (Pl.'s Obj.'s at 2–3.)  This court agrees, and accordingly declines to adopt Judge Baughman's conclusion.  In *Bledsoe*, the ALJ did not "spell[] out every consideration that went into the step three determination;" however, the ALJ "described evidence pertaining to all impairments, both severe and non-severe, *for five pages earlier in his opinion and made factual findings*."  165 Fed. App'x at 411 (emphasis added).  Under these facts, the court declined to require "a heightened articulation standard" and held that the ALJ did not err in failing to articulate, at length, the analysis of the medical equivalency issue.  *Id.*

In this case, by contrast, the record reflects that the ALJ failed to evaluate the medical evidence and compare it to the requirements for the listed impairment.  In this regard, the instant

-6-

case is analogous to *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x 411 (6th Cir. 2011), wherein the Sixth Circuit held that the ALJ erred in "failing to analyze Reynolds' physical condition in relation to the Listed Impairments." *Id.* at 416. Notably, in that case, the ALJ also began his step-three determination with a conclusory statement concerning the applicant's back impairment, but proceeded with a "thorough analysis" and a "full-page assessment of Reynolds' mental impairment." *Id.* at 415. There, the court held that the ALJ's error in failing to evaluate evidence of the applicant's back impairment was not harmless because "the regulations indicate that if a person is found to meet a Listed Impairment, they are disabled within the meaning of the regulations and are entitled to benefits; no more analysis is necessary." *Id.* at 416 (citing 20 C.F.R. § 404.1520(a)(4)(iii)). The court explained that the ALJ " needed to actually evaluate the evidence, compare it to . . . the Listing, and give an explained conclusion, in order to facilitate meaningful judicial review." *Id.*

While the Defendant's Response contains some discussion of the record evidence of Plaintiff's back impairment, including evidence showing only "mild degenerative changes in the lumbar spine" (Def.'s Resp. to Pl.'s Obj.'s at 2, ECF No. 39 (citing Tr. 292)), this court cannot engage in post-hoc rationalizations. *See S.E.C. v. Chenery*, 332 U.S. 194, 196 (1947) (a reviewing court must judge propriety of agency action "solely by the grounds invoked by the agency"). Because the ALJ failed to conduct a meaningful review of the record evidence of Plaintiff's severe back impairment in relation to the relevant Listed Impairment, the court declines to adopt Judge Baughman's recommendation as to this issue and remands for a more thorough step three determination. *See, e.g.*, *May v. Astrue*, No. 4:10-CV-1533, 2011 WL 3490186, *9 (N.D. Ohio June 1, 2011) (remanding where ALJ provided conclusory evaluation of claimant's physical impairment yet thoroughly analyzed the mental impairment); *Marok v. Astrue*, No. 5:08-CV-1832, 2010 WL

2294056, *5 (N.D. Ohio June 3, 2010) (distinguishing *Bledsoe* and noting that though "ALJ's written decision states that he considered 'all symptoms' and 'opinion evidence' . . . he does not describe that evidence or his findings relative to it, making the ALJ's written decision ambiguous or otherwise incomplete").

### B. The ALJ's Credibility Determination

At step-four of the evaluation process, the ALJ evaluated Plaintiff's RFC to perform work, and therein evaluated Plaintiff's credibility. (Tr. 17.) The ALJ held:

> After considering the evidence, I find that Mr. Hunter's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that his statements concerning the intensity, persistence and limiting effects of these symptoms are credible only to the extent of the limitations of his residual functional capacity.

(Tr. 18.) Judge Baughman noted that the ALJ "gave a conclusory assessment" concerning Plaintiff's credibility and failed to provide "a 'model' articulation" of his finding, but nevertheless held that "reasonable evidence exists sufficient to support the credibility finding." (R&R at 6.) The court agrees with Judge Baughman that the ALJ failed to provide a clear statement concerning his credibility finding, but unlike Judge Baughman, the court finds that the ALJ's failure to do so constitutes reversible error.

In evaluating a claimant's complaints of pain and symptoms, an ALJ may properly consider the claimant's credibility. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997). The Sixth Circuit has noted that an "ALJ is in the best position to observe witnesses' demeanor and to make an appropriate evaluation as to their credibility." *Reynolds*, 424 Fed. App'x at 416–17 (citing *Walters*, 127 F.3d at 531). Therefore, an ALJ's credibility assessment should not be disturbed "'absent compelling reason.'" *Id.* at 417 (quoting *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001)). In assessing credibility, however, the ALJ must consider the record as a whole; the

claimant's statements concerning her symptoms; statements or other information provided by the treating or examining physicians and other persons about the conditions and their effect on the claimant; and other relevant evidence. *Id.*; *see also* SSR 96–7P, 1996 WL 374186, **1–2 (S.S.A.).

In this case, the ALJ recognized the factors that he was required to consider in evaluating Plaintiff's credibility. (Tr. 17 (citing 20 C.F.R. § 416.929(c)).) Although he discussed the record evidence bearing on some of the relevant factors, including record evidence of his treatment history, daily activities, and medication history (Tr. 18–22), the ALJ provided no explanation for *why* the record evidence militated in favor of his finding that the Plaintiff is less than fully credible. *See also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247–49 (6th Cir. 2007) (holding ALJ erred in credibility determination where ALJ failed to provide specific reasons for finding on credibility in relation to the entire case record). The ALJ's statement that Plaintiff is credible "only to the extent of the limitations of his residual functional capacity" is vague, and impedes full meaningful review. *See Rogers*, 486 F.3d at 248 n.5 ("The requirement that the Commissioner fully explain his determinations of the claimant's credibility is grounded, at least in part, upon the need for clarity in later proceedings.")

Further, the ALJ failed to discuss and consider statements from Plaintiff's family members concerning his symptoms and their effects on his daily activities. Judge Baughman cited to Social Security Ruling 06-03P, in holding that the ALJ "did not commit reversible error by not discussing evidence from . . . non-medical sources in his decision" (R&R at 7 (citing SSR 06-03P, 2006 WL 2329939 (Aug. 9, 2006)), but that is not the relevant Ruling for the purposes of assessing credibility. Under SSR 96-7P, "the adjudicator *must consider* . . . other information provided by treating or examining physicians or psychologists and *other persons about the symptoms and how they affect the individual*." 1996 WL 374186 at *1 (emphasis added); *see also Walker v. Astrue*, No. CIV-09-

-9-

405-SPS, 2011 WL 1233384, *4 (E.D. Ok. Mar. 30, 2011) (remanding for consideration of third-party witness statements in assessment of credibility); *Kha Xiong ex rel. Pha Yang v. Astrue*, No. CIV S-07-0202 DAD, 2008 WL 4196823, *10 (E.D. Cal. Sept. 10, 2008) (holding ALJ erred in not considering third-party statements from claimant's mother in credibility determination). Accordingly, the court declines to adopt Judge Baughman's Recommendation concerning Plaintiff's second claim of error. On remand, should the ALJ find it necessary to discuss Plaintiff's credibility, the ALJ should provide a clearer explanation for his credibility finding in relation to the entire record, which includes potentially corroborating statements from family members.

### C. The ALJ's RFC Determination Concerning Plaintiff's Mental Impairments

Finally, the court turns to Plaintiff's objection that "the ALJ failed to articulate the weight [he] assigned to the opinions of the mental health sources in the record and thus, it is unclear exactly how he formulated the RFC that he found." (Pl.'s Obj.'s at 12.) Plaintiff argues that the ALJ's RFC finding is legally insufficient and not based on substantial evidence because the ALJ failed to assign weight to all the mental health opinions in the record. (*Id.* at 12–13.) Judge Baughman noted that the ALJ had conflicting evidence before him, and that the ALJ ultimately concluded to give minimal weight to a June 2007 mental assessment done by a psychiatrist, Dr. Nora McNamara, in which she opined that Plaintiff was extremely limited in all areas of mental functioning and would likely deteriorate under stress. (R&R at 7–8; *see also* Tr. 21.) Judge Baughman concluded that the ALJ "gave good reasons" for his decision to afford Dr. McNamara's minimal weight. (R&R at 8.) Specifically, the ALJ noted that Dr. McNamara's opinion was "not based on previous treatment or longevity" and that it was internally inconsistent in that it adopted extreme limitations yet also indicated that Plaintiff had "no limitation in his ability to understand, carry out and remember instructions, he was moderately limited in responding appropriately to supervision, coworkers and

changes in the work setting and he only had mild limitations in using good judgment and performing complex repetitive or varied tasks." (Tr. 22.) It is the ALJ's duty to decide conflicts in evidence from medical sources. *Books v. Chater*, 91 F.3d 972, 979 (7th Cir. 1996). The ALJ properly considered the factors relevant to deciding conflicts in medical opinions, including longevity of treatment. *See* 20 C.F.R. §§ 404.1527 (considerations for evaluating opinion evidence), 416.927 (same). Thus, the court finds no reason to disturb the ALJ's consideration of medical evidence concerning Plaintiff's mental limitations. However, in light of the court's holdings with respect to Plaintiff's first two claims of error, the instant matter is remanded to the ALJ for the reasons stated herein.

## IV. CONCLUSION

For the foregoing reasons, the court declines to adopt Judge Baughman's Report and Recommendation in its entirety. (ECF No. 34.) The ALJ's decision is hereby reversed and the instant matter remanded for further proceedings consistent with this Order. Specifically, upon remand, the ALJ should fully evaluate the record evidence and properly determine whether Plaintiff's severe back impairment meets or equals the relevant Listing. Furthermore, should the ALJ find it necessary to do so, the ALJ should provide a clearer analysis concerning Plaintiff's credibility.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

December 19, 2011